UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES PUCKETT,

                Plaintiff,

-against-

GLOBAL CREDIT & COLLECTION CORP.

                Defendant.

---

Civil Action No: 11 CIV 2618

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JAMES PUCKETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant GLOBAL CREDIT & COLLECTION CORP. ("GLOBAL") respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), New York State General Business Law § 349 and 6 RCNY § 5-77.

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant GLOBAL is a New York corporation engaged in business of collecting debts with its principal place of business located at 300 International Drive, PMB # 10015,

Williamsville, NY 14221.

5. GLOBAL is a debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, CAPITAL ONE either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to GLOBAL for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. In or about February 2011, Defendant GLOBAL began collecting the alleged debt by calling the Plaintiff and leaving a voicemail message on his telephone.

13. Defendant's message is the following: "Good morning. Very important message for James Puckett this is—MUMBLED VERY FAST—calling from Global CC regarding an urgent business matter that has been forwarded to my attention for further review and

recommendation. If you could return this call today I can be reached at 1-866-350-4275. My direct extension is 6684. Thank you."

14. Defendant failed to give the Plaintiff the required disclosures in the message by not properly identifying himself and GLOBAL as a debt collector, that the collector and GLOBAL were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

15. Defendant further violated 15 U.S.C. §1692e – preface and (10) in the message by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

16. Defendant constantly and continuously places telephone calls to Plaintiff and does not make meaningful disclosure of their identity to Plaintiff in violation of 15 U.S.C. §1692d-preface and (6); §1692e-preface, (10), and (11); and §1692f-preface and (5).

17. Defendant constantly and continuously causes charges to be made to Plaintiff for communications by concealment of the true purpose of the communication in violation of 15 U.S.C. §1692d-preface and (6); §1692e-preface, (10), and (11); and §1692f-preface and (5).

18. Defendant's message does not effectively communicate that it is transmitted by a "debt collector."

19. Defendant failed to include the required debt validation and dispute notice in its initial communication or within five (5) days of the initial communication in violation of 15 U.S.C. §1692g.

20. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendants harassment and actions.

21. Defendants violated the FDCPA.

22. Due to Defendants gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

  a. 15 U.S.C. §1692d-preface and (6).

  b. 15 U.S.C. §1692e-preface, (10), (11).

  c. 15 U.S.C. §1692f-preface and (5).

  d. 15 U.S.C. §1692g.

25. As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  a. The Defendant violated NYS Gen. Bus. Law §349(a).

28. As a result of Defendant's above violations of the New York General Business

Law, Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law § 349.

### THIRD CAUSE OF ACTION
### NEW YORK CITY UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
### RULES OF THE CITY OF NEW YORK [6 RCNY] § 5-77

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Rules of the City of New York Department of Consumer Affairs (6 RCNY) § 5-77.

31. As a result of Defendant's above violations of the New York City Unfair and Deceptive Trade Practices Act, the Plaintiff and class have been damaged and are entitled to damages in accordance with the New York City Unfair and Deceptive Trade Practices Act.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JAMES PUCKETT demands judgment from the Defendant GLOBAL CREDIT & COLLECTION CORP. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); General Business Law; and 6 RCNY § 5-77.

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A); General Business Law; and 6 RCNY § 5-77.

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C.

§1692k(a)(3); General Business Law; and 6 RCNY § 5-77.

   E. A declaration that the Defendant's practices violated the FDCPA, General Business Law and 6 RCNY § 5-77.

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated:  April 12, 2011

            Respectfully submitted,

            By: _____
            Allison D. Polesky, Esq. (AP5446)
            LAW OFFICES OF ALLISON POLESKY, P.C.
            511 Avenue of the Americas, Suite 712
            New York, New York 10011
            Phone: (866) 479-9500
            Facsimile: (866) 688-4300
            Attorney for Plaintiff JAMES PUCKETT