USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/11

KDVG

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**

ATTORNEYS AT LAW

135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797
PHONE: 516.681.1100
FAX: 516.681.1101
WWW.KDVGLAW.COM

## MEMO ENDORSED

Brett A. Scher, Esq.
bscher@kdvglaw.com

August 5, 2011

**VIA FACSIMILE @ 212-805-6724**
Hon. Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
Courtroom 20A
500 Pearl Street
New York, NY 10007

> Adjourned to 9/14/11 at 5 pm. (I am on Criminal Duty and hence unavailable on the requested dates.) The settlement conference will take place in Courtroom 20A unless a Stipulation of discontinuance is received by 9/13/11.
>
> FMaas, USMJ, 8/9/11

Re:  *Puckett, James v. Global Credit & Collections Corp.*
      Case No.:   11- Civ 2618 (JGK)(FM)

Dear Judge Maas:

Pursuant to the procedures set forth in the Court's July 7, 2011 letter, Plaintiff James Puckett ("Plaintiff") and Defendant Global Credit & Collection Corp. ("Defendant"), by and through their attorneys of record, jointly request that the Court adjourn the Settlement Conference now set to commence on August 10, 2011, at 10:00 a.m. for the reasons set forth below:

1.  On April 15, 2011, Plaintiff filed his Complaint, asserting that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., ("FDCPA"), New York's General Business Law §349 *et seq.* ("GBL") and New York City Unfair and Deceptive Trade Practices Act ("UDTP") 6 (RCNY) 5-77.

2.  On June 27, 2011, Defendant filed its Answer to Plaintiff's Complaint.

3.  On July 7, 2011 this Court set the settlement conference in the above-captioned action for August 10, 2011.

4.  During the past few weeks, the parties have worked to resolve the current litigation, but the case will not be resolved by the date of the Settlement Conference. However, attendance at the Settlement Conference would only serve to reduce the likelihood of settlement, given the fee shifting provisions of the FDCPA.

06485.00

NEW YORK  |  PENNSYLVANIA  |  SAN FRANCISCO  |  NEW JERSEY  |  LOS ANGELES  |  FLORIDA

Letter to Hon. Frank Maas
Re: *Puckett, James v. Global Credit & Collections Corp.*
August 5, 2011
Page 2

5. A prevailing plaintiff is entitled to attorneys' fees under the FDCPA and up to $1,000 in statutory damages under each statute. Under the GBL, Plaintiff is entitled to recover his actual damages or fifty dollars, whichever is greater. N.Y. Gen. Bus. L. §349(h). Therefore, Plaintiff's maximum recovery for statutory damages in this case would be $1,050.

6. With respect to Plaintiff's possible attorneys' fees to date in this action, Defendant filed its Answer on June 27, 2011, and there has been little activity in the month this case has been at issue. Therefore, Defendant estimates Plaintiff's fees either do not exceed or do not significantly exceed his potential statutory damages recovery at this point in time.

7. In light of the foregoing, Defendant asserts that the additional cost to attend the Settlement Conference by the parties and their counsel will hinder prospects of settling this case at an early stage, as this would significantly increase Plaintiff's attorneys' fee claim, and reduce the funds available to Defendant to settle the case.

8. Defendant does not take this case lightly, and has already engaged in settlement discussions with Plaintiff.

9. Pursuant to the foregoing, the parties request an adjournment of the Settlement Conference to either September 21, 2011 or September 22, 2011.

Respectfully submitted,

Brett A. Scher

cc: Jeffrey Stuart Eisenberg, Esq. (via facsimile)

4827-8433-9978, v. 1

06485.00/175800